[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12347

Non-Argument Calendar

_____

SHAWN BURNS,

Plaintiff-Appellant,

*versus*

MOIRA LOZADA,
PARKER BELLAIRE,
UNITED STATES OF AMERICA,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00582-JA-EJK

———————————————

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

In 2018, Shawn Burns sued Moira Lozada and Parker Bellaire—two of his colleagues at the Transportation Security Administration—for defamation in a Florida state court. The United States Attorney for the Middle District of Florida removed the case to federal court after certifying that Ms. Lozada and Mr. Bellaire had been acting within the scope of their employment with the Department of Homeland Security at all times material to Mr. Burns' complaint. The United States Attorney also moved to substitute the United States as the sole defendant. *See* 28 U.S.C. § 2769(d)(1)-(2). Mr. Burns did not move to remand or oppose substitution, and the district court ordered that the United States be substituted as the sole defendant in place of Ms. Lozada and Mr. Bellaire.

The United States then moved to dismiss Mr. Burns' complaint because he had not exhausted his administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Mr. Burns, represented by counsel, did not timely respond to the motion to dismiss. The district court granted the motion and

dismissed the action for lack of subject-matter jurisdiction. Mr. Burns sought relief from the order of dismissal and filed objections to the motion to dismiss, arguing that the United States' notice of substitution had been improper under the Middle District's local rules and that Ms. Lozada and Mr. Bellaire had not been acting within the scope of their employment when making the allegedly defamatory statements. He asked for an evidentiary hearing on the scope-of-employment issue. The district court denied Mr. Burns' motion.

On appeal, we affirmed. As relevant here, we held that (1) Mr. Burns was not entitled to a hearing on the question of substitution because he had not timely responded to the United States' motion to dismiss; (2) the district court had properly substituted the United States for Ms. Lozada and Mr. Bellaire on the certification of the United States Attorney; (3) the district court had correctly determined that it lacked subject-matter jurisdiction under the FTCA; and (4) the district court had correctly dismissed the complaint and denied Mr. Burns' motion for relief from judgment. *See Burns v. United States*, 809 F. App'x 696 (11th Cir. 2020) (*Burns I*).

Following our decision in *Burns I*, Mr. Burns refiled an identical copy of his dismissed complaint in a Florida state court. The United States again removed the case to federal court, again filed a notice of substitution, and again moved to dismiss due to Mr. Burns' failure to exhaust his administrative remedies under the FTCA. Mr. Burns opposed dismissal and moved to remand,

arguing that Ms. Lozada and Mr. Bellaire had been acting outside of the scope of their employment.

The district court ordered the parties to brief why Mr. Burns' refiled complaint was not barred by the litigation in *Burns I*, including the Eleventh Circuit's affirmance of the dismissal of Mr. Burns' initial complaint.   Mr. Burns argued that claim preclusion (i.e., res judicata) did not apply because the dismissal in *Burns I* was for lack of subject-matter-jurisdiction.  The United States conceded that claim preclusion was inapplicable, but asserted that issue preclusion (i.e., collateral estoppel) barred Mr. Burns from relitigating the scope-of-employment issue which had been fully litigated in his motion from relief from judgment in *Burns I*.   The district court agreed with the United States and dismissed the refiled complaint, ruling that Mr. Burns was trying to relitigate "what has already been decided and affirmed by the Eleventh Circuit." D.E. 18 at 1.

Mr. Burns now appeals.  He argues that (1) the district court erred in substituting the United States for Ms. Lozada and Mr. Bellaire and in failing to provide a de novo  hearing on the scope-of-employment issue; (2) the district court erred in dismissing the refiled complaint for lack of subject-matter jurisdiction; and (3) issue preclusion does not apply because (a) the issues in the first and second actions were not identical, (b) the scope-of-employment issue was not actually litigated in *Burns I*, (c) the scope-of-employment issue was not a necessary part of the earlier dismissal, and (d) he did not have a full and fair opportunity to be heard on the scope-of-employment issue in *Burns I*.

Issue preclusion requires that (1) the issue be identical to the one involved in the prior litigation; (2) the issue have been actually litigated in the prior action; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. *See CSX Transp., Inc. v. Brotherhood of Maintenance of Wag Employees,* 372 F.3d 1309, 1317 (11th Cir. 2003). Exercising de novo review with respect to the applicability of issue preclusion, *see EEOC v. Pemco Aeroplex, Inc.,* 383 F.3d 1280, 1285 (11th Cir. 2004), we affirm.

Our precedent establishes that issue preclusion applies to jurisdictional determinations. "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit[s] so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz,* 617 f.2d 435, 436 (5th Cir. 1980). *See also North Georgia Elec. Membership Corp. v. City of Calhoun,* 989 F.2d 429, 432-33 (11th Cir. 1993) (holding that earlier dismissal for lack of federal jurisdiction had collateral estoppel effect and "bar[red] relitigation of the jurisdictional question" when second action was filed).

Here issue preclusion applies to the scope-of-employment issue. That issue was litigated and determined in *Burns I,* and it was critical and necessary to the dismissal. The district court

accepted the certification of the United States Attorney, substituted the United States for Ms. Lozada and Mr. Bellaire, and ruled that Mr. Burns had not exhausted his administrative remedies under the FTCA. Mr. Burns also had a full and fair opportunity to litigate the issue. When the United States moved to dismiss, Mr. Burns did not file a timely response in opposition and the district court granted the motion. And when Mr. Burns moved for relief from judgment, he challenged the scope-of-employment certification. The district court denied his motion, and we affirmed in *Burns I.* We expressly addressed the scope-of-certification issue, and held that Mr. Burns had failed to timely challenge the certification by the United States Attorney, and as a result the district court understandably treated the certification as uncontested. For the same reason, we ruled that the district court was not required to hold an evidentiary hearing on Mr. Burns' post-dismissal challenge and properly substituted the United States as the sole defendant in place of Ms. Lozada and Mr. Bellaire. *See Burns I*, 809 F. App'x at 700-01.

Our conclusion that issue preclusion applies is reinforced by the fact that the arguments that Mr. Burns is presenting in this appeal are in many ways identical to the ones he presented in *Burns I.* For example, he contends that the district court was required to hold a hearing on the certification as to the scope-of-employment issue pursuant to *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995), and *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538 (11th Cir. 1990). We rejected those same argument in *Burns I* because Mr. Burns had failed to timely challenge the certification filed by

21-12347              Opinion of the Court                    7

the United States Attorney. *See Burns I*, 809 F. App'x at 700-01. Issue preclusion bars Mr. Burns from relitigating the validity of the certification by filing a complaint identical to the one that was dismissed in *Burns I.*

**AFFIRMED.**